Filed 4/19/21  P. v. Henderson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEITH LELAND HENDERSON, JR.,<br><br>Defendant and Appellant. | F078640<br><br>(Super. Ct. Nos. F18904403, F18903333, F16903143)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and A. Kay Lauterbach, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P.J., Franson, A.P.J. and Smith, J.

Defendant Keith Leland Henderson pled no contest to felony driving with a blood-alcohol content of 0.08 or higher. On appeal, defendant contends that the trial court erred in calculating his presentence treatment credit at 50 days rather than 51 days. We affirm.

**PROCEDURAL SUMMARY**

On May 19, 2016, the Fresno County District Attorney charged defendant in case No. F16903143 with felony driving with a blood-alcohol content of 0.08 or higher (Veh. Code, § 23152, subd. (b)[1]; count 1), felony driving under the influence (§ 23152, subd. (a); count 2), misdemeanor driving on a suspended license (§ 14601.2, subd. (a); count 3), and misdemeanor violation of ignition interlock device requirements (§ 23247, subd. (a); count 4). As to counts 1 and 2, the complaint alleged defendant had suffered three prior convictions for driving with a blood-alcohol content of 0.08 or higher (§ 23550).[2]

On July 5, 2016, defendant pled no contest to count 1, admitted the three prior driving under the influence conviction allegations, and stipulated to having had a blood-alcohol level of 0.14. In exchange for his plea, the district attorney dismissed counts 2 through 4 and stipulated to defendant receiving no initial state prison time and instead being released on probation, contingent upon completion of a six-month inpatient treatment program as a condition of probation.

On August 2, 2016, the trial court suspended imposition of the sentence for three years and placed defendant on felony probation for three years. The terms of probation included serving 365 days in jail, with credit for 36 actual days of credit and 36 days of good time credit, and completion of a six-month inpatient drug and alcohol treatment program.

---

[1]  All further statutory references are to the Vehicle Code unless otherwise stated.

[2]  The complaint further alleged that defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)– (i), 1170.12, subds. (a)–(d)). However, that allegation was stricken on June 3, 2016.

On June 5, 2017, defendant was arrested for driving without a license in violation of his probation. On June 9, 2017, the trial court held a violation of probation hearing and defendant admitted the violation of probation. The court revoked defendant's probation and then reinstated probation and required defendant to serve 210 days in jail with credit for 54 actual days, 54 good time days, and 51 treatment days.

On May 21, 2018, the Fresno County District Attorney charged defendant in case No. F18903333 with inflicting corporal injury upon a person with whom he had a former dating relationship (Pen. Code, § 273.5, subd. (a); count 1). On May 29, 2018, defendant pled no contest to felony infliction of corporal injury and admitted that the offense constituted a violation of probation in case No. F16903143.

On June 26, 2018, the trial court suspended imposition of sentence for three years, and placed defendant on probation for three years. Defendant was also committed to jail for 81 days with credit for 41 actual days and 40 good time days on the new conviction and 241 days with credit for 121 actual days and 120 good time days on the violation of probation.

On July 3, 2018, the Fresno County District Attorney charged defendant in case No. F18904403 with driving with a blood-alcohol content of 0.08 or higher (§ 23152, subd. (b); count 1), driving under the influence of alcohol (§ 23152, subd. (a); count 2) and driving with a suspended license (§ 14601.2, subd. (a); count 3). The complaint further alleged that defendant had suffered prior convictions for driving under the influence of alcohol, including a felony conviction for that offense (§§ 23550, 23550.5).

On October 18, 2018, in case No. F18904403, defendant pled no contest on count 1 and admitted that he had suffered a prior felony conviction for driving under the influence of alcohol. The prosecutor dismissed the other charges and allegations. On the same date, in case Nos. F18903333 and F16903143, defendant admitted violations of probation based on his commission of the new offense and the trial court revoked defendant's probation in both cases.

On November 16, 2018, defendant was sentenced on all three cases: on case No. F18904403, a three-year term (the aggravated term) with credit for 281 days (141 actual and 140 good time); on case No. F18903333, a concurrent three-year term (the middle term) with credit for 364 days (182 actual days and 182 good time days); and on case No. F16903143, a concurrent three-year term (the aggravated term) with credit for 574 days (262 actual days, 262 good time days, and 50 treatment days).[3]

Defendant filed a notice of appeal on January 2, 2019.

On August 15, 2019, defendant requested that the trial court award him one additional day of treatment credit. On October 30, 2019, the trial court denied defendant's request.[4]

### DISCUSSION[5]

Defendant contends that he is entitled to 51 days—rather than 50 days—of treatment credit for his time spent in inpatient drug and alcohol treatment. The People respond that the record is in conflict regarding whether defendant received inpatient treatment on March 28, 2017, and concludes that we must therefore affirm the trial court's conclusion. We agree with the People. Defendant has not shown that he spent

---

[3] The probation officer prepared a report for sentencing, calculating defendant's treatment days credit at 50 days based on defendant having been admitted to inpatient drug treatment from August 15, 2016, to September 4, 2016, (21 days) and from February 7, 2017, to March 27, 2017 (29 days). In a report, from June 9, 2017, the probation officer wrote that defendant was admitted to the inpatient program from August 15, 2016, to September 4, 2016, (21 days) and again from February 27, 2017, to March 28, 2017 (30 days), for a total of 51 days of treatment. In another report for a May 21, 2018 hearing, the probation officer listed defendant's treatment credit at 51 days.

[4] We hereby grant appellant's request, filed on June 26, 2020, for this court to take judicial notice of the trial court's October 30, 2019 order, denying defendant's request for modification of custody credit. (Evid. Code, §§ 452, subd. (d), 459.)

[5] Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

51 days in inpatient drug and alcohol treatment and we therefore cannot conclude that the trial court erred.

A defendant convicted of a felony or misdemeanor offense is entitled to custody credit for all days served in a "rehabilitation facility." (Pen. Code, § 2900.5, subd. (a); accord, *People v. Johnson* (2002) 28 Cal.4th 1050, 1053.) "It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section." (Pen. Code, § 2900.5, subd. (d).)

A sentence that fails to award correct custody credit is an unauthorized sentence that may be corrected at any time. (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 235; *People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) However, when a question of custody credit calculation is the only claim of error, the defendant is required to first raise the matter before the trial court. (Pen. Code, § 1237.1;[6] *People v. Fares* (1993) 16 Cal.App.4th 954, 958.) On appeal from a denial of a motion to correct an award of custody credit, a defendant bears the burden of affirmatively demonstrating his entitlement to credit for any particular period. (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 81.)

Here, defendant filed a motion for modification of the award of treatment day credit and the trial court denied defendant's motion without comment. In defendant's motion before the trial court and his appeal before this court, he merely points to a discrepancy in calculation of treatment day credits between different probation reports—

_____

[6]    "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction." (Pen. Code, § 1237.1.)

the probation report for the June 9, 2017 sentencing hearing showed 51 days of treatment credit; the probation report for the November 16, 2018 sentencing hearing showed 50 days of treatment credit. Defendant has not shown that he spent March 28, 2016, in a treatment facility. In short, defendant has not carried his burden of demonstrating that he is entitled to the credit he seeks.

## DISPOSITION

The judgment is affirmed.